UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN, an individual ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXPERIENCED INTERNET.COM, ) <br> INC., et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No.: C 05-0160 PVT <br><br> **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

On April 5, 2005, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Defendant's motion to dismiss.[1]  Both parties have consented to Magistrate Judge Jurisdiction.  Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendant's motion is GRANTED with leave to amend the complaint.  Plaintiff may file an amended complaint no later than June 1, 2005.

**I.    BACKGROUND**

Plaintiff William Silverstein ("Plaintiff") is the sole proprietor of an internet service provider with its principal place of business in Los Angeles, California.  Defendant Experienced

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Internet.com ("Defendant") is a Florida corporation with its principal place of business in Miami, Florida. Defendant Patricia Quesada ("Quesada"), a Miami resident, is its Director and President. Defendant Sylvia Bedoya ("Bedoya"), also a Miami resident, is its Vice President.

Plaintiff alleges that in March 2004, Defendants used Plaintiff's servers to deliver unsolicited electronic mail ("email") advertisements containing sexually explicit content.[2] He further alleges that subject lines of these emails were not prefixed with the "SEXUALLY-EXPLICIT" designation that is required by 16 C.F.R. Part 316 and 15 U.S.C. 7705(d)(1)(A). Therefore, Plaintiff's electronic filters were unable to separate these emails from regular email. Some of these unsolicited emails were delivered, via Plaintiff's servers, to a personal computer in Santa Clara County, California. Plaintiff alleges that although he asked Defendants to discontinue this practice, they continued to intermittently send such emails through his server.

Plaintiff sued for Violation of the CAN-SPAM Act, and for Violation of California Business & Professions Code § 17529.5. Defendants move for dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) - lack of personal jurisdiction, (3) - improper venue, and (6) - failure to state a claim upon which relief can be granted. Plaintiff opposed the motion and requested that the court take judicial notice of information on the Internet indicating that Defendant Experienced Internet.com is the registrant of SEXSEARCHCOM.COM.[3] In addition to the jurisdictional challenge, Defendants argue that the CAN-SPAM Act preempts the California spam statute. Defendants also argue that because Plaintiff, and presumably his servers, are located in Los Angeles, any injury was sustained in Los Angeles and the case should be transferred to that district. Finally, Defendants argue that Plaintiff is unlikely to prove that Defendants actually engaged in the alleged conduct and therefore Plaintiff should be required to post a bond.

---

[2] Neither party submitted copies of any of the subject emails. At the hearing the parties both indicated that the alleged emails advertised a product. However, neither side identified the product or specified whether it is offered for sale by Experienced Internet or SEXSEARCHCOM.COM.

[3] Plaintiff did not mention this website in either his Complaint, or his Opposition.

## II. DISCUSSION

### A. Personal Jurisdiction

Where no applicable federal statute governs personal jurisdiction, federal courts apply the law of the state in which the court sits. *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). The only federal cause of action in this case is brought under the CAN-SPAM Act, codified at 15 U.S.C. sections 7701, *et seq*. Pursuant to Section 7706(g), a provider of internet access service may bring a civil action for violations of CAN-SPAM "in any district court of the United States with jurisdiction over the defendant." Because the federal law does not specify the court's jurisdictional reach for these claims, state law governs.

California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. *See* Cal. Code Civ. Pro. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Core-Vent*, 11 F.3d at 1484. Thus, the court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." *See Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989).

Due process requires that "in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under the due process analysis, a state may exercise either general or specific jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

If a defendant's activities within the forum state are "continuous and systematic" or "substantial," the state has a sufficient relationship with the defendant to assert general jurisdiction. *See Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445, 447 (1952). If a forum state cannot assert general jurisdiction over the defendant, it may still assert specific jurisdiction based on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. *See Data Disc, Inc. v. Systems Tech. Assocs., Incs.,* 557 F.2d

1280, 1287 (9th Cir. 1977).

The Ninth Circuit employs a three-part test to determine if specific jurisdiction is appropriate:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

Plaintiff claims this court has general jurisdiction over Defendants because Defendants engaged in "continuous and systematic" activity within California by systematically directing commercial advertising at California residents. In the alternative, Plaintiff claims this court has specific jurisdiction because Defendants purposefully availed themselves of the benefits of California's markets by directing misleading commercial emails at California residents, that Plaintiff's claims against Defendant arise out of these activities, and that jurisdiction would be reasonable because Defendant chose to send unsolicited emails and thus should reasonably have foreseen that it might be haled into court in California. Plaintiff fails to make an adequate showing under either standard.

When a trial court rules on an issue relying on declarations and discovery materials without holding an evidentiary hearing, dismissal is appropriate if the plaintiff fails to make a *prima facie* showing of personal jurisdiction. *American Telephone & Telegraph Company v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). In determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction, uncontroverted allegations in the complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.*

Here, Defendants dispute the jurisdictional facts and thus Plaintiff's allegations are not "uncontroverted." Specifically, Defendants filed declarations denying that they sent the subject emails. Defendants claim the emails were sent by a third party with whom Defendants are not

affiliated. Even though disputes contained in parties' affidavits must be resolved in a plaintiff's favor, here Plaintiff did not submit any affidavits or other competent evidence showing any link between Defendants and the emails in question.[4] For the purposes of this motion, Defendants' undisputed declarations adequately rebutted Plaintiff's allegation that Defendants sent the subject emails. Thus, Plaintiff has not met his burden of showing that Defendants have sufficient minimum contacts with California to entitle this court to exercise personal jurisdiction over Defendants.

At the hearing on this motion, Plaintiff objected to the Defendants' declarations. The court hereby overrules Plaintiff's objection. Generally courts may consider declarations in ruling on a motion to dismiss for lack of personal jurisdiction. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F2d. at 1289. And Plaintiff failed to articulate any violation of a specific rule of evidence.

### III.  CONCLUSION

Dismissal is warranted because Plaintiff has not made a sufficient showing that any Defendant caused the subject emails to be sent to California. Absent such a showing, there is no basis for finding Defendants had sufficient contacts with California on which to base personal jurisdiction. Based on the policy of resolving matters on the merits rather than on technicalities, leave to amend is warranted to allow Plaintiff an opportunity to make such a showing if he can do so.

In light of the foregoing ruling, the court need not rule on the preemption, venue and bond issues at this time.

Dated: 5/12/05                              */s/ Patricia V. Trumbull*
                                                     PATRICIA V. TRUMBULL
                                                     United States Magistrate Judge

---

[4] By asking the court to take judicial notice of certain information on the Internet, Plaintiff implies that Defendants are affiliated with the website SEXSEARCHCOM.COM. The court declines to take judicial notice of the information on various websites purportedly showing a relationship between Defendants and SEXSEARCHCOM.COM, because the reliability of those websites has not been established. *See, e.g., United States ex rel. Dingle v. Bioport Corporation*, 270 F.Supp.2d 968, 972 (W.D. Mich. 2003) (declining to take judicial notice of certain website information because it could not verify the accuracy or authenticity of the information). Moreover, even if SEXSEARCHCOM.COM is controlled by Defendants, Plaintiff has not shown that SEXSEARCHCOM.COM sent the emails in question.