UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM SILVERSTEIN, an individual )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXPERIENCED INTERNET.COM, )<br>INC., et al., )<br>)<br>Defendants. )<br>_____ ) | Case No.: C 05-0160 PVT<br><br>**ORDER GRANTING MOTION TO DISMISS** |

On June 8, 2005, Defendants filed a motion to dismiss the amended complaint.[1] Plaintiff opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to rule on the motion without oral argument. Both parties have consented to Magistrate Judge Jurisdiction. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' motion is GRANTED without leave to amend based on lack of personal jurisdiction.

**I.   BACKGROUND**

Plaintiff William Silverstein ("Plaintiff") is the sole proprietor of an internet service provider with its principal place of business in Los Angeles, California. Defendant Experienced

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Internet.com ("EIC") is a Florida corporation with its principal place of business in Miami, Florida. Defendant Patricia Quesada, a Miami resident, is EIC's Director and President. Defendant Sylvia Bedoya, also a Miami resident, is EIC's Vice President.

Plaintiff alleges that Defendants used Plaintiff's servers to deliver unsolicited electronic mail ("email") advertisements containing sexually explicit content. He further alleges that the subject lines of these emails were not prefixed with the "SEXUALLY-EXPLICIT" designation required by 16 C.F.R. Part 316 and 15 U.S.C. 7705(d)(1)(A). Therefore, Plaintiff's electronic filters were unable to separate these emails from regular email. Some of these unsolicited emails were delivered, via Plaintiff's servers, to a personal computer in Santa Clara County, California. Plaintiff alleges that although he asked Defendants to discontinue this practice, they continued to intermittently send such emails through his server.

Plaintiff sued for Violation of the CAN-SPAM Act, and for Violation of California Business & Professions Code § 17529.5. Defendants moved to dismiss for lack of personal jurisdiction, among other grounds. On May 12, 2005, this court granted Defendants' motion to dismiss for lack of personal jurisdiction, with leave to amend.

On May 29, 2005, Plaintiff filed a Verified First Amended Complaint for Damages and Injunctive Relief. Defendants have now again moved to dismiss pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) (lack of personal jurisdiction), (3) (improper venue), and (6) (failure to state a claim upon which relief can be granted). Defendants also request that Plaintiff be required to post a bond. Plaintiff opposed the motion.

## II.   DISCUSSION

Where no applicable federal statute governs personal jurisdiction, federal courts apply the law of the state in which the court sits. *See Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). The only federal cause of action in this case is brought under the CAN-SPAM Act, codified at 15 U.S.C. sections 7701, *et seq*. Pursuant to Section 7706(g), a provider of internet access service may bring a civil action for violations of CAN-SPAM "in any district court of the United States with jurisdiction over the defendant." Because the federal law

does not specify the court's jurisdictional reach for these claims, state law governs. *Core-Vent Corp.*, 11 F.3d at 1484.

California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. *See* CAL. CODE CIV. PRO. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Core-Vent*, 11 F.3d at 1484. Thus, the court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." *See Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989).

Due process requires that "in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under the due process analysis, a state may exercise either general or specific jurisdiction over a defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).

If a defendant's activities within the forum state are "continuous and systematic" or "substantial," the state has a sufficient relationship with the defendant to assert general jurisdiction. *See Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 445, 447 (1952). If a forum state cannot assert general jurisdiction over the defendant, it may still assert specific jurisdiction based on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. *See Data Disc, Inc. v. Systems Tech. Assocs., Incs.,* 557 F.2d 1280, 1287 (9th Cir. 1977).

When a trial court rules on a jurisdictional challenge by relying on declarations and discovery materials without holding an evidentiary hearing, dismissal is appropriate if the plaintiff fails to make a *prima facie* showing of personal jurisdiction. *See American Telephone & Telegraph Company v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). In determining whether the plaintiff has made a *prima facie* showing of personal jurisdiction, uncontroverted allegations in the complaint must be taken as true, and conflicts between the facts

contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.*

Plaintiff argues this court has general jurisdiction over Defendants because Defendants engaged in "continuous and systematic" activity within California by systematically directing commercial advertising at California residents and by doing business with "multiple California companies." In the alternative, Plaintiff claims this court has specific jurisdiction because Defendants purportedly sent multiple commercial email messages to Plaintiff. But Plaintiff submits no competent evidence to rebut Defendants' declarations attesting that they are not doing business in California, have no employees nor customers in California, do no advertising in California, own no property in California, have no address or phone listing in California, and did not cause any of the subject emails to be sent to anyone in California.

The only "evidence" submitted by Plaintiff is his verified complaint. When the allegations contained in a verified complaint are based on personal knowledge, they are equivalent to an affidavit for purposes of a motion to dismiss for lack of personal jurisdiction. *See, e.g., Leonard A. Feinberg, Inc. v. Central Asia Capital Corp., Ltd.*, 936 F.Supp. 250, 255 n. 4 (E.D.Pa. 1996).[2] Here, the allegations that Defendants are doing business in California[3] and sent commercial emails into California are not the equivalent of an affidavit, because Plaintiff bases those allegations on "information and belief" rather than on his own personal knowledge.[4]

Because Defendants dispute the jurisdictional facts with competent declarations,[5]

---

[2] *See also Runnels v. Rosendale*, 499 F.2d 733, 734 n. 1 (9th Cir. 1974) (finding in the context of a motion for summary judgment that a verified complaint may be considered equivalent to an affidavit to the extent it meets the requirements of Rule 56(e), i.e., that it is based on personal knowledge, sets forth facts admissible in evidence, and affirmatively shows that the affiant is competent to testify to the matters stated therein).

[3] Including having customers in California, hiring person(s) to conduct business in California, having one or more of their websites hosted by a California company, and planning to open a marketing division in California.

[4] To the extent the complaint occasionally references the emails as having been "sent by" Defendants without qualifying the allegation as one made on information and belief, there is no sufficient showing that Plaintiff is competent to testify as to who sent the emails. Thus, those allegations are also not the equivalent of an affidavit. *See Runnels v. Rosendale*, 499 F.2d at 734 n. 1.

[5] Declarations signed under penalty of perjury are equivalent to affidavits. *See* 28 U.S.C. 1746.

Plaintiff's jurisdictional allegations are not "uncontroverted." Even though disputes contained in parties' affidavits must be resolved in a plaintiff's favor, here Plaintiff did not submit any affidavits or other competent evidence that would support his claim that Defendants are engaged in business in California, nor his claim that they sent the emails in question. In fact, there is no competent evidence in the record before this court to show *any* contacts between any of the Defendants and California.[6]

Defendants' declarations adequately rebut Plaintiff's unsupported allegations that Defendants sent the subject emails. *See Data Disc, Inc. v. Systems Tech. Assocs., Incs.,* 557 F.2d at 1284 (noting the court may not assume the truth of allegations in a pleading which are contradicted by affidavits). Thus, Plaintiff has failed to make a *prima facie* showing that Defendants have sufficient minimum contacts with California to warrant the exercise of personal jurisdiction over Defendants in California.

### III.    OBJECTIONS TO EVIDENCE

Plaintiff filed written objections to Defendants' declarations.

Plaintiff objects to the declarations in general on the grounds that they turn the motion into a motion for summary judgment, purportedly without adequate notice to him. The court hereby OVERRULES this objection. Generally courts may consider declarations in ruling on a motion to dismiss for lack of personal jurisdiction. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.,* 557 F2d. at 1289. Moreover, this court's prior order, by taking Defendants' declarations into consideration and expressly stating that courts do consider declarations in connection with a motion to dismiss for lack of personal jurisdiction, gave Plaintiff adequate

---

[6] Defendant Quesada concedes in her declaration that experiencedinternet.com is hosted by Ipowerweb.com. However, there is no competent evidence before the court showing that Ipowerweb.com is located in California. Moreover, that one contact is not sufficiently "continuous and systematic" or "substantial" to confer general jurisdiction. *See Bancroft & Masters, Inc. v. Augusta Natl. Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (agreements with a handful of vendors "constitute doing business with California, but do not constitute doing business in California" so as to confer general jurisdiction). And there is no factual showing that the claims alleged in the complaint "arise out of or relate to" Ipowerweb.com's hosting of experiencedinternet.com so as to confer specific jurisdiction. *See Lake v. Lake*, 817 F.2d 1416, 1421 (9thCir. 1987).

notice that the court would accept and consider declarations from the parties in connection with this motion. It was incumbent upon Plaintiff to obtain competent evidentiary support for his allegation that this court has personal jurisdiction, and he simply failed to do so.

Plaintiff next objects to the declaration of Defendant Quesada at 11:25-27 ("EIC does not operate the website at www.sexsearch.com to the extent that 'operate' involves the running of a business through use of that domain") on grounds that it asserts a legal conclusion, assumes facts not in evidence, and is not the best evidence of the asserted statement. The court hereby OVERRULES this objection. The statement is not a legal conclusion, but rather a factual assertion regarding the nature of Defendants' use of the website, the statement on its face does not appear to assume the existence of any fact other than those of which the declarant has personal knowledge, and the best evidence rule applies only to proof of the content of documents not statements regarding the use of documents (*see* FED. R. EVID. 1002).

Plaintiff also objects to the declaration of Defendant Quesada at 12:21-23 ("Based on Defendants' investigation, Defendants believe that the emails were sent by a person that was terminated from the Sexsearch affiliate program on or before October 18, 2004") on grounds that it is not based on personal knowledge, assumes facts not in evidence, and "makes no sense whatsoever." The court SUSTAINS this objection on the first two grounds (the third asserted ground is not a legally cognizable grounds for objecting to testimony).

Finally, Plaintiff objects to the declaration of Defendant Quesada at 12:26-13:1 ("EIC's customer's affiliate program operates through strict terms and conditions, which not only include anti-spamming rules, but explicitly instruct the affiliate that he is not an agent of that customer") on grounds that it is not best evidence, asserts a legal conclusion, incorporates hearsay, and assumes facts not in evidence. The court SUSTAINS this objection on grounds of hearsay and assumption of facts not in evidence.

**IV.   CONCLUSION**

Dismissal is warranted because Plaintiff has not made a sufficient showing that Defendants had "continuous and systematic" or "substantial" activity in California so as to

warrant an exercise of general jurisdiction, nor that Defendants caused any commercial emails to be sent to California such as might warrant an exercise of specific jurisdiction.  Thus Plaintiff fails to establish that this court has personal jurisdiction over any of the Defendants.  In light of this ruling, the court need not rule on the preemption, venue and bond issues.

Dated: *7/8/05*

>              */s/ Patricia V. Trumbull*
>              PATRICIA V. TRUMBULL
>              United States Magistrate Judge